# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC CARTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 4:19CV02651 JCH |
| ROBERT L. WILKIE<br>Secretary of Veterans Affairs | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wilkie's Partial Motion to Dismiss. (ECF No. 8). The matter is fully briefed and ready for disposition.

## DISCUSSION

Plaintiff Carter has brought the instant suit against Defendant Wilkie, Secretary of Veterans Affairs, challenging adverse employment actions against him. Plaintiff claims that the actions occurred while he was employed as a House Keeping Aid Team Leader for Veterans Affairs. (ECF No. 1). Plaintiff brings the following counts:

> Count I: Disability Discrimination Claim
> Count II: Retaliation Claim
> Count III: Hostile Work Environment Claim
> Count IV: Racial Discrimination Claim
> Count V: Family Medical Leave Act Entitlement Claim

Defendant does not challenge Counts I-IV. Defendant brings its Motion to Dismiss solely against Count V of Plaintiff's Complaint. (ECF No. 9). In Count V Plaintiff asserts that he was an eligible employee under the Family Medical Leave Act (FMLA); that he was approved for

1

FMLA leave through March 6, 2018; and that he timely requested renewal of his FMLA certification. Plaintiff alleges that Defendant denied Plaintiff's FMLA benefits to justify his termination in violation of the Family Medical Leave Act, 29 U.S.C. Section 2615 et seq.

In its Motion to Dismiss, Defendant argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claim in Count V and brings the Motion pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 9). Subject matter jurisdiction addresses whether this court may hear the case before it. "[T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990).

The FMLA applies differently to private sector employees than it does to federal employees. Title I of the FMLA governs private sector employees and a limited number of federal employees not covered by Title II. *See,* 29 U.S.C. §2611(2). Title II covers all other federal employees. *See,* 5 U.S.C. §§ 6381-87. Defendant argues and Plaintiff concedes that Title II of the FMLA governs non-medical employees of the VA and therefore, Plaintiff, a housekeeping aid team leader, is governed by Title II of the VA. (ECF Nos. 9,11). As such, Defendant argues that the Court lacks jurisdiction over Plaintiff's claim unless the government waives its sovereign immunity.

While the issue of whether federal employees have a cause of action under Title II of the FMLA has not been addressed by the United States Court of Appeals for the Eighth Circuit, other judges in our district have written on the issue. In *Moynihan v. Gutierrez*, the District Court ruled in accordance with "the Fourth, Ninth, Eleventh, and Federal Circuits [which] have all held that federal employees may not bring suits based on FMLA violations." *Moynihan v. Gutierrez*,

2007 WL 2885342m at *3 (E.D. Mo. Sept. 27, 2007)(citing *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997); *Russell v. United States Dept. of the Army*, 191 F.3d 1016, 109 (9th Cir. 1999); *Cavicchi v. Secretary of the Treasury*, 2004 WL 4917357 (11th Cir., Oct. 15, 2004); *Bougmill v. Office of Personnel Management*, 1998 WL 486754, at *1 (Fed. Cir., Aug. 13, 1998)); and see, *Bommarito v. Vilsack*, 2012 WL 786232 (holding that the absence of any express waiver of sovereign immunity by the government precludes any claim plaintiff may have asserted under Title II of the FMLA.)

Here as in *Bommarito*, the record does not support a finding that Plaintiff was a Title I employee, in fact, Plaintiff in this case concedes that dismissal in this case is appropriate. The government has also not waived its sovereign immunity in this case. Therefore, Plaintiff's Count V brought under the FMLA will be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Count V of his Complaint (ECF No. 1) which was brought pursuant to the FMLA 29 U.S.C. Section 2615 et seq. is hereby **DISMISSED**; all of Plaintiff's other Counts remain.

Dated this 30th day of January 2020

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTIRCT COURT

3